Whitehead, J.
After a hearing, the Court ORDERS that the motion of the defendant, One-O-Six Realty, Inc., for summary judgment be ALLOWED.
The Court acknowledges that issues of negligence are ordinarily for a jury to decide. See Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). However, in this case, there was an absence of negligence as a matter of law. The dangers of proceeding onto Route 1 from the defendant’s premises were so open and obvious that the law cannot impose upon the defendant a duty to warn drivers of them. The dangers to which the plaintiff point are as follows: the road consists of a highway with a speed limit ranging from 45 mph to 55 mph in the area of the subject premises; there is no acceleration lane running from the premises to the normal travel lanes; the premises are on the crest of a hill; visibility is limited. All of these conditions would be readily apparent to a traveller who had passed upon the roadway and entered the premises. The unidentified driver who is alleged to have caused the accident in this case necessarily was such a traveller.
If a duty to warn existed in the circumstances of this case, the implication would be that virtually every property owner whose premises abut a major thoroughfare would have a duty to warn invitees that they should “stop, look and listen” before entering the thoroughfare. Given that such a warning is repeated to all of us from childhood onward, a property owner should be able to assume that it has been learned by the time that one reaches driving age. Thus, as a matter of law, a reasonable property owner should have no duty to repeat it to his invitees.
The Court finds the circumstances of this case similar to those of Polakv. Whitney, 21 Mass.App.C't. 345 (1985). There, the Court concluded that the question of whether a duly to warn existed was unworthy of submission to a jury. This Court finds the same to be true here.